**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**VENEZIA RESORT, LLC,**
  **a Mississippi Limited Liability Company,**

    **Cross-Plaintiff,**

v.              Case No. 3:07cv74/MCR/EMT

**BENARD FAVRET
  a/k/a BERNARD FAVRET,
F & F DEVELOPERS, LLC,
  a Louisiana Limited Liability Company,**

    **Cross-Defendants,**

**SINGLETARY & THRASH-JACKSON, P.A., and
GARY D. THRASH, individually**

    **Third-Party Defendants.**
_____/

**O R D E R**

  This cause is before the court on the motion to dismiss filed by third-party defendants Singletary & Thrash-Jackson, P.A. ("S & T-J") and Gary D. Thrash ("Thrash"); the motion to stay filed by cross-defendants F & F Developers, LLC, and Benard Favret (a/k/a Bernard Favret) ("Favret"); and the motion for appointment of a receiver filed by cross-plaintiff Venezia Resort, LLC ("Venezia"), as well as the respective parties' memoranda, responses, and replies to those motions.[1]  Upon consideration and for the reasons given below, the court GRANTS the motion to dismiss, GRANTS the motion to stay, and DENIES the motion for appointment of a receiver.

---

 [1] See docket entries ## 20, 22, 30, and 37 (relating to motion to dismiss); ## 19, 21, 31, and 38 (relating to motion to stay); and ## 29 and 39 (relating to motion for appointment of a receiver).

**BACKGROUND**

This case originated as an interpleader action filed September 27, 2007, by the Bank of Pensacola ("the Bank") in the Circuit Court of Escambia County, Florida, against Venezia, Favret, F & F Developers, David T. Clark ("Clark"), and Williams E. Wulfers ("Wulfers"). (See doc. 2-2, Exh. A (Case No. 2006 CA 001854)). In its complaint the Bank makes the following allegations: Venezia is a Mississippi limited liability corporation; Favret is a former or current manager of Venezia; Clark and Wulfers are former or current assistant managers of Venezia; and F & F Developers is a Louisiana limited liability corporation and member of Venezia. In December 2005, pursuant to a LLC Authorization Resolution, Venezia entered into a checking account agreement with the Bank that listed Favret, Clark, and Wulfers as authorized signatories. In July 2006 Clark executed and delivered to the Bank another LLC Authorization Resolution that listed Clark and Wulfers as the only authorized signatories on the account, thus effectively removing Favret as a signatory. On September 8, 2006, Thrash, as counsel for F & F Developer, notified the Bank that the Joint Resolution adopted by Venezia that purportedly replaced Favret with Clark as manager of Venezia violated the company's Operating Agreement. Further, counsel advised the Bank that if it permitted any further monies to be withdrawn from the account it would be held liable for conversion. On September 13, 2006, Venezia notified the Bank that it disputed the position taken by F & F Developers. The Bank subsequently filed its state court action seeking, inter alia, to require the named defendants to interplead concerning their claims to the $764,233.09 remaining in the checking account.[2]

On October 17, 2006, F & F Developers filed a complaint in the Chancery Court of Harrison County, Mississippi, against Venezia and thirteen of its members. (See doc. 2-3, Exh. A (Case No. C2402-06-889(2))). In its complaint F & F Developers seeks a judgment declaring that the removal of Favret as manager of Venezia is void. Among other relief, F

---

[2] Attached to the Bank's complaint as exhibits are copies of the Deposit Account Agreement and Limited Liability Company Authorization Resolution which were executed in December 2005 as well as those which were executed in July 2006. In addition, Thrash's September 8, 2006, letter is attached as an exhibit, as is the September 13, 2006, response to Thrash's letter by counsel for Venezia.

& F Developers also asks the Mississippi court to direct that all funds alleged to have been misappropriated by the defendants be repaid to Venezia and that the funds be placed in the accounts of Venezia to be used in accordance with its Operating Agreement.

Venezia filed a cross-claim in the Escambia County interpleader action against Favret and F & F Developers on October 24, 2007, seeking, among other relief, a declaration by the court that the company's removal of Favret is valid under two provisions of the Operating Agreement. Venezia also seeks damages against Favret for breach of fiduciary duty and tortious interference with a business relationship. Additionally, Venezia asserts a third-party claim for damages against Thrash and his law firm, S & T-J, for tortious interference with a business relationship. (See doc. 2-2 at 36).

By order dated January 12, 2007,[3] the circuit court approved the parties' stipulation that the issues raised in the Bank's interpleader action had been resolved and it dismissed the Bank's complaint without prejudice.[4] (See doc. 2-3 at 86). Favret and F & F Developers, joined by Thrash and S & T-J, removed the matter to this court on February 14, 2007. The Notice of Removal states, inter alia, that the circuit court's dismissal effectively removed all non-diverse parties from the litigation and now leaves for disposition only the cross-complaint and the third-party complaint filed by Venezia. (Doc. 2). Following removal Thrash and S & T-J filed the instant motion to dismiss the third-party complaint for failure to state a claim, F & F Developers and Favret filed their motion to stay these proceedings, and Venezia filed its motion to appoint a receiver.[5] The court addresses these motions in turn.

---

[3] The Notice of Removal states that the circuit court's order was docketed January 16, 2007.

[4] Pursuant to the stipulation filed in the state court action, upon receipt of certain documents the Bank agreed to release the funds in Venezia's account. Under the terms of one of the documents, Clark and Favret are granted the authority, which must be exercised jointly, to "endorse checks and orders for payment of money or otherwise withdraw or transfer funds on deposit" with the Bank. (See doc. 2-3 at 88-94).

[5] The 194 page state court record was filed in the court's electronic docketing system as two attachments to the Notice of Removal rather than as separate documents individually identified and linked to all other relevant documents. Because the record as filed was cumbersome and unclear as to which motions remained for disposition, the court instructed the parties to refile any pending motions. (Doc. 9)

**DISCUSSION**

**Motion to Dismiss Third-Party Complaint**

In their motion to dismiss, the third-party defendants Thrash and S & T-J argue that Venezia must, but cannot, allege that Thrash's sending the September 8, 2006, letter to the Bank was an intentionally malicious or improper act. Additionally, they assert that no cause of action against Thrash and S & T-J exists because Venezia must, but cannot, allege that he was a stranger or third party to the business relationship between Venezia and the Bank.[6]

Venezia responds that as required by Fed.R.Civ.P. 8(a) it has provided a short, plain statement of its claim of tortious interference with a business relationship and thus the motion to dismiss should be denied. According to Venezia, no contractual relationship existed between the Bank and Thrash, F & F Developers, or Favret as only Venezia and the Bank were parties to the underlying LLC Authorization Resolution. Further, Favret was listed as an authorized signatory on the account created by the Resolution but was not a party to it and had no individual interest in the funds held by the Bank; similarly, while F & F was a member of Venezia, it had no independent interest in the funds. In short, Venezia maintains, F & F Developers, and Favret were strangers to the business relationship between Venezia and the Bank and thus their counsel, Thrash and his firm, likewise were strangers.[7]

A motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6) operates to test the

---

[6] Thrash and S & T-J additionally argue that by admitting Paragraph 8 of the complaint for interpleader Venezia has admitted that his client, Favret, was a party to the agreement with the Bank and that by admitting the authenticity of Thrash's September 8, 2006, letter Venezia has admitted that Thrash was acting in his capacity as attorney for F & F Developers and Favret. In their reply the third-party defendants also argue that efforts undertaken by counsel as a prelude to a derivative action on behalf of clients who seek to preserve the assets of a LLC do not amount to acts of a stranger to a business relationship. They further submit that any purported damages arising from the alleged interference was cured by the settlement of the interpleader action, which was reached following the filing of the tortious interference claim.

[7] Venezia also argues that because the Bank was not Thrash's client, his letter did not constitute legal advice which he was duty-bound to provide. In addition, Venezia maintains that Thrash was not an agent of any corporate party to the checking account agreement between Venezia and the Bank and thus should be deemed a separate party outside of that contractual relationship who tortiously interfered with it.

Case No. 3:07cv74/MCR/EMT

sufficiency of the complaint; indeed it is designed to eliminate counts or complaints that fail to state a claim upon which relief can be granted. Under Rule 12(b)(6), the party moving for dismissal for failure to state a claim upon which relief can be granted has the burden of proving that a claim has not been stated. To prevail, the movant must show "beyond doubt that the [claimant] can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The reviewing court accepts the non-moving party's factual allegations as true and draws all reasonable inferences in the non-moving party's favor, construing the pleader's allegations liberally. See Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim . . . [t]o the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47-48. Nevertheless, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004). On a motion to dismiss, the court may consider the pleadings and all exhibits attached thereto. See Grossman v. Nationsbank, 225 F.3d 1228, 1232 (11th Cir. 2000); Fed.R.Civ.P.10(c) (providing that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

To plead a claim for tortious interference under Florida law, a plaintiff's complaint must allege facts to establish: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship; and (4) damage to the plaintiff as a result of the breach of the relationship. See KMS Restaurant Corp. v. Wendy's International Inc., 194 Fed.Appx. 591 (11th Cir. 2006); Dunn v. Air Line Pilots Ass'n, 193 F.3d 1185, 1191 (11th Cir. 1999); Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 814 (Fla. 1994); Tamiami Trail Tours, Inc. v. J. C. Cotton, 463 So.2d 1126, 1127 (Fla. 1985); Greenberg v. Mount Sinai Med. Center, 629 So.2d 252, 255 (Fla.

3d DCA 1993). As to the third element of the tort, an intentional and unjustified interference with the business relationship, "[f]or the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 386 (Fla. 4th DCA 1999); see also Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684 (Fla. 3d DCA 1986) (stating that "[u]nder Florida law, a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with") (citations omitted).

      Thash and S & T-J first assert that Venezia must, but has failed to, allege malice in order to state a claim against them. See doc. 22 at 4 (citing Rockledge Mall Associates, Ltd. v. Custom Fences of South Brevard, Inc., 779 So.2d 554 (Fla. 5th DCA 2001) (stating that existence of malice is key to the tort of tortious interference with a business relationship)). A plain reading of the elements of the tort reflects, however, that an express allegation of malice is not required to state claim for tortious interference with a business relationship. See Future Tech International, Inc. v. Tae Il Media, Ltd., 944 F.Supp. 1538, 1570 (S.D.Fla. 1996); J.T.A. Factors, Inc. v. Philcon Services, Inc., 820 So.2d 367 (Fla. 3rd DCA 2002); see also GNB, Inc. v. United Danco Batteries, Inc., 627 So.2d 492 (Fla. 2nd DCA 1993) (Altenbrend, J., dissenting) (noting that "[j]ustification is a confusing element, and probably a poorly developed aspect, of [a claim of tortious interference with a business relationship]. It is confusing, in part, because the case law has not clearly determined the line between the plaintiff's burden to plead and prove improper conduct by the defendant, and the defendant's right to plead and prove a qualified privilege of justification."). In any event, assuming that a plaintiff must allege malice in order to state a claim of tortious interference with a business relationship, the court concludes that Venezia adequately does so. In its complaint Venezia alleges that Thrash and S & T-J intentionally and unjustifiably interfered with Venezia's relationship with the Bank by threatening legal action against the Bank for the sole purpose of denying Venezia access to its funds and interfering with the ability to pay its business obligations. The third-party complaint also alleges that these

actions bore no rational relationship to Thrash's representation of F & F Developers. Rather, Thrash's actions allegedly were to the detriment of F & F Developers and other members of Venezia and to the benefit of Favret and his efforts to harm Venezia and pressure it into reinstating him as manager. (See doc. 2-2 at 43). In the court's view, such assertions are sufficient to allege malice.[8]

Next, Thrash and S & T-J assert that Venezia's complaint fails to state a claim against them because it does not allege facts to establish that F & F Developers and Favret were strangers to the business relationship between Venezia and the Bank; consequently, as counsel to F & F Developers and Favret, Thrash likewise was not a stranger to the relationship nor was his firm. The court agrees. In addressing the "tortious interference with a business relationship" cause of action, the Supreme Court of Florida has stated that "a business relationship" is one that is "evidenced by an actual and identifiable understanding or agreement . . . ." Gossard v. Adia Services, 723 So.2d 182, 184 (Fla. 1998); Ethan Allen, Inc., 647 So.2d at 815. Although Venezia argues to the contrary, no individual interest in the funds or *contractual* relationship with the Bank to which F & F Developers or Favret were principals was required in order for them to be a part of the business relationship at issue. Rather, only a *business* relationship evidenced by an actual and identifiable agreement was required and, under that broad definition, one existed: F & F Developers was a member of Venezia, who authorized the opening of the checking account agreement with the Bank, and Favret, as manager of Venezia, was a signatory on that account. F & F Developers and Favret therefore were not strangers to the banking relationship between the Bank and Venezia and, consequently, nor was Thrash. As the agent of F & F Developers and Favret, Thrash cannot be held liable for tortious interference with a business relationship to which his principals were parties. See Bertram, Inc. v.

---

[8] No allegation of the use of improper means is required in order to state a claim of tortious interference with a business relationship. Regardless, Venezia's assertion that Thrash threatened to bring what it obviously considered to be a frivolous and unfounded lawsuit against the Bank sufficiently alleges the use of means that are improper or independently wrongful. See Deutsche Financial Services Corp. v. BCS Ins. Co., 299 F.3d 692, 698 (8th Cir. 2002) (explaining definition of improper acts under Missouri law).

Case No. 3:07cv74/MCR/EMT

Sterling Bank & Trust, 820 So.2d 963, 965 (Fla. 4th DCA 2002) (citing Abruzzo v. Haller, 603 So.2d 1338, 1339-40 (Fla. 1st DCA 1992)). It obviously follows that S & T-J likewise cannot be held liable.

The court is satisfied that the third-party defendants have demonstrated beyond doubt that Venezia can prove no set of facts in support of its claim of tortious interference with a business relationship. The third-party complaint does not satisfy the requirement of alleging an intentional and unjustified interference with the business relationship between Venezia and the Bank because it cannot assert that F & F Developers and Favret, and consequently the third-party defendants, were strangers to the relationship. Accordingly, the motion to dismiss shall be granted. See Conley, 355 U.S. at 45-46.

**Motion to Stay**

Cross-defendants Favret and F & F Developers move to stay this case. Contending that the Mississippi Chancery Court action and the cross-claim in the instant case involve identical subject matter, the cross-defendants argue that F & F Developers is being forced to litigate and defend the same issues in two fora. Additionally, the cross-defendants note that the Mississippi matter was the first filed and that the proceedings in this case have not advanced beyond the filing of the initial pleadings.[9] Citing the court's inherent authority to control the disposition of its docket as a matter of economy for the court and the parties, Favret and F & F Developers ask that their motion be granted pending resolution of the Mississippi Chancery Court action.

Venezia responds that the cross-defendants' motion to stay was filed for the improper purpose of denying Venezia access to its bank account as it attempts to dissolve the company.[10] Venezia cites American Manufacturers Mutual Insurance Company v.

---

[9] According to Favret and F & F Developers, they have not been properly served with Venezia's cross-complaint.

[10] Venezia asserts that after the initial release of the funds by the Bank pursuant to the stipulation, Favret cooperated in signing checks with Clark to pay the company's debts. According to Venezia, Favret refused to sign checks, however, after the failure of negotiations between the two parties relating to a debt Favret alleges is owed to him by Venezia.

Case No. 3:07cv74/MCR/EMT

Edward D. Stone, Jr. & Associates, 743 F.2d 1519, 1526 (11th Cir. 1984) (citing Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976) (authorizing federal district court to stay action when there is ongoing parallel action in state court)), for the proposition that the stay should not be granted because the state action likely will not resolve all of the issues pending in this case. Venezia submits that disposition of the manager dispute will not resolve the dispute over the Bank of Pensacola account and thus, as the issues are not identical, there is no compelling reason to impose a stay in the instant case. According to Venezia, the Mississippi Chancery Court does not have jurisdiction over the disputed funds; indeed, appointment of a receiver has not been requested nor is such relief available in the Mississippi court. Venezia submits that staying these proceedings and denying it access to its funds in the Bank of Pensacola account will simply delay its ability to satisfy its creditors and complete the process of dissolving the company.

In reply F & F Developers and Favret take issue with much of Venezia's response, including arguing that it ignores the existence of and Venezia's participation in the Mississippi state court action and the fact that the issues involved in the two proceedings are essentially identical. The cross-defendants also submit that Venezia and its members have consented to the Mississippi Chancery Court's jurisdiction and that pursuant to such jurisdiction the Mississippi court can determine the rights of the parties to the funds at issue and to require the parties' compliance with its directives. F & F Developers and Favret also point to provisions in the Mississippi code for dissolving limited liability corporations such as Venezia, including the appointment of a receiver. Finally, the cross-defendants submit that the circumstances contemplated in Colorado River in fact exist in this case and warrant the imposition of a stay.[11]

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon

---

[11] In a motion filed May 7, 2007, as the instant order was being finalized, Favret and F & F Developers seek leave to submit a Certificate of Dissolution or Cancellation executed by Clark and filed with the Office of the Mississippi Secretary of State on or about January 16, 2007. (Doc. 46). This motion shall be granted.

Case No. 3:07cv74/MCR/EMT

them by Congress." Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). Nevertheless, while stressing the federal courts' "virtually unflagging obligation . . . to exercise the jurisdiction given them," the Supreme Court also recognized that, based on considerations of wise judicial administration, a district court may defer to a parallel state proceeding if "exceptional circumstances" exist which clearly justify abstention. Colorado River, 424 U.S. at 813, 817-18; see also Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994 (11th Cir. 2004). The principles of this doctrine "rest on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (citation and internal quotation marks omitted).

In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court enumerated the factors that should be used in applying Colorado River's exceptional-circumstances test to determine when a federal court should stay a case pending resolution of a parallel state action. As summarized in TranSouth Financial Corp. v. Bell, 149 F.3d 1292, 1294-5 (11th Cir. 1998), the relevant considerations include: (1) whether a court has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums in terms of the progress of the two suits; (5) the forum whose law provides the decision on the merits; and (6) the adequacy of the state proceeding. Id. The decision to dismiss or stay "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16. The weight of each factor varies on a case-by-case basis, depending on the specifics of that case. Id. In some instances, "one factor alone can be the sole motivating reason for abstention." Moorer, 374 F.3d at 997.

The first Colorado River factor is whether a court has assumed jurisdiction over the property. The instant case and the Mississippi Chancery Court case both are in personam

actions. This court has not assumed jurisdiction over the property relating to this action nor, it appears, has the Mississippi Chancery Court. Accordingly, as to this factor, neither forum is favored.

The second factor, the inconvenience of the federal forum, appears to weigh slightly in favor of a stay. "The inconvenience factor focuses primarily on the 'physical proximity of the federal forum to the evidence and witnesses.'" American Bankers Insurance Co. of Florida v. First State Ins. Co., 891 F.2d 882, 885 (11th Cir. 1990). In this case, the funds that are the subject of this dispute are located in the Florida county in which this court sits. Nevertheless, as F & F Developers and Favret submit – and Venezia, itself a Mississippi LLC, does not dispute – it appears that Mississippi would be a more convenient forum in which to litigate the issues presented in this case.

The third factor to be considered is avoiding piecemeal litigation. The Eleventh Circuit has cautioned that almost any time a federal case proceeds concurrently with a state case the potential for piecemeal litigation exists. The possibility of duplication of time and effort, by itself, therefore does not justify the surrender of federal jurisdiction. See Ambrosia Coal and Construction Co. v. Pages Morales, 368 F.3d 1320, 1333 (11th Cir. 2004). "Thus, as it is properly understood, Colorado River's factor concerning the avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." Id. The emphasis therefore should be on whether there is an indication that the potential for piecemeal litigation "poses any greater waste or danger [in the case at issue] than it does in the vast majority of federal cases with concurrent state counterparts." Id. Here, Venezia's cross-claims in the instant matter and F & F Developer's claims in the Mississippi action both implicate issues regarding Favret's removal as manager of Venezia and the disposition of the checking account funds now held by the Bank. Venezia apparently contends that the Mississippi court neither has been asked nor is competent to resolve the second matter. As far as this court can determine, however, it appears that in both cases the dispute regarding the funds in essence pertains simply to their distribution

as Venezia is being dissolved. Additionally, as F & F Developers notes, even though the Mississippi court apparently has not yet been asked to take jurisdiction over the disputed funds, under Mississippi law it clearly has the authority to "wind up the limited liability company's affairs upon application of any member or manager, his legal representative or assignee, and in connection therewith, may appoint a liquidating trustee or receiver."[12] Miss. Code Ann. § 79-29-803; see Miss. Code Ann. § 79-29-801, et seq. There is also the concern that if this action were not stayed both this court and the Mississippi court could become involved in overseeing the dissolution of Venezia, a prospect which presents the likelihood of unacceptable piecemeal and duplicative litigation. In short, if two litigation tracks are permitted to proceed there is a significant potential for wasting judicial resources, as well as the resources of the parties, and the possibility of inconsistent outcomes in the two fora. Given these particular concerns, the court concludes that this case poses a greater risk of waste than do most federal cases with concurrent state counterparts. Accordingly, as it is likely that staying this case would substantially avoid piecemeal and duplicative litigation, this factor weighs heavily in favor of granting the motion.

The fourth factor concerns the order in which jurisdiction was obtained by the concurrent forums. As the Eleventh Circuit has explained, this factor takes into consideration the extent of progress that has been made in the two actions. See American Bankers Insurance Co., 891 F.2d at 885 (quoting Moses H. Cone Memorial Hosp., 460 U.S. at 21). In this case, the Mississippi Chancery Court action was filed four months prior to the removal of this case. The Mississippi case apparently has progressed somewhat further than this action as, according to F & F Developers, discovery is well underway; on the other hand, this court has entered an initial scheduling order and assumes that discovery in this case is likewise proceeding. Although the Mississippi Chancery Court action appears to be further along than this federal action, at this time the difference in the

---

[12] Indeed, the Certificate of Dissolution or Cancellation filed with the Office of the Mississippi Secretary of State suggests that Venezia has already taken steps in Mississippi to proceed with the dissolution.

Case No. 3:07cv74/MCR/EMT

progression of the two cases does not appear to be remarkable. Thus this factor weighs only slightly in favor of staying the instant action.

The fifth factor is whether federal or state law applies. In this diversity action, Mississippi law governs all of the parties' claims. The Eleventh Circuit has explained that only in rare circumstances will the presence of a state law issue weigh in favor of a stay, although it has also indicated that when an action involves complex questions of state law which would best be resolved by the state court, the requisite "rare circumstances" exist. See American Bankers Insurance Co., 891 F.2d at 886; Noonan South, Inc. v. County of Volusia, 841 F.2d 380, 382 (11th Cir.1988). This case does not present complex questions of state law. Nevertheless, the court believes that the dissolution of a Mississippi LLC under Mississippi law is a matter that would be most appropriately resolved by a Mississippi court.

The final factor, the adequacy of the state forum, operates against the surrender of federal jurisdiction only where the state forum may not be adequate to adjudicate the claims. As noted above, this court is persuaded that the Mississippi Chancery Court is fully competent to resolve both the dispute over Favret's removal as manager and the dispute over the disposition of the checking account funds.

This court, having carefully balanced the Colorado River factors, concludes that exceptional circumstances exist such that staying this case pending the resolution of the state court action is appropriate and would serve the interest of efficient judicial administration. By far the most important factor in the court's assessment involves the interest in avoiding piecemeal litigation, including the risk of inconsistent and duplicative litigation. This factor, coupled with less significant considerations involving the inconvenience of the federal forum, the extent of the progress made in the two suits, the applicability of state law, and the adequacy of the state proceeding, is sufficient to warrant a stay pending resolution of the parallel state action.

The court is mindful that its discretion to stay this case pending final resolution of the state court litigation is limited by the rule that a stay must not be "immoderate." See Ortega

Trujillo v. Conover & Company Comm., 221 F.3d 1262, 1264-65 (11th Cir. 2000) (holding that stay was immoderate where the record indicated that the parallel case was not progressing quickly); see also American Manufacturers Mutual Insurance Co., 743 F.2d at 1524 (finding stay pending conclusion of state court proceeding indefinite where state proceeding had been pending for 18 months and no trial date had been set in state court). At this time the court is satisfied, however, that a stay in this case will not subject Venezia to an immoderate delay as the state court case has only been pending since October 2006 and there is no indication that its progress has been unduly slow.

For the foregoing reasons, F & F Development's motion is granted and all further proceedings in this case are stayed. Absent the parties' earlier advising the court that the parallel state court action has been resolved, the clerk shall refer this matter to the undersigned six months from the date of entry of this order so that the court may undertake a status assessment.

### Motion for Appointment of a Receiver

In light of the court's determination that this matter should be stayed, the motion for appointment of a receiver is denied, without prejudice to renewal at such time as the stay may be lifted.

Accordingly, it is ORDERED:

1. The motion to dismiss the third-party complaint (doc. 20) filed by third-party defendants Singletary & Thrash-Jackson, P.A., and Gary D. Thrash is GRANTED. The third-party complaint is DISMISSED, with prejudice.

2. The motion to stay filed by cross-defendants F & F Developers, LLC, and Benard Favret (a/k/a Bernard Favret) (doc. 19) is GRANTED. All further proceedings in this case accordingly are STAYED. Absent the parties' earlier advising the court that the parallel state court action has been resolved, the clerk shall refer this matter to the undersigned six months from the date of entry of this order so that the court may undertake a status assessment.

3. The motion for appointment of a receiver filed by cross-plaintiff Venezia

Resort, LLC (doc. 29), is DENIED, without prejudice.

     4.    The motion for leave to file a supplemental reply in support of the motion to stay filed by F & F Developers, LLC, and Benard Favret (a/k/a Bernard Favret) (doc. 46) is GRANTED.

     **DONE and ORDERED** this 8th day of May, 2007.

                                              s/ *M. Casey Rodgers*
                                                **M. CASEY RODGERS**
                                       **UNITED STATES DISTRICT JUDGE**